IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| RECOVERY CHAPEL, et al., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 6:14-CV-03289-DGK |
| v. ) | |
| ) | |
| CITY OF SPRINGFIELD, MISSOURI, et al., ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFFS' SUGGESTIONS IN OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS**

COME NOW, Plaintiffs Recovery Chapel and Chaplain Farris Robertson (collectively referred to hereinafter as "Recovery Chapel"), by and through their undersigned counsel, and hereby oppose Defendants' City of Springfield, Missouri (the "City) and Springfield Board of Adjustment (the "BOA") (collectively referred to hereinafter as "Defendants") Motion to Dismiss ("Motion"), and pray this Court deny the Motion because Plaintiffs' claims under the Fair Housing Act ("FHA"), 42 U.S.C. § 3601, *et seq.*, as amended, and the Americans with Disabilities Act ("ADA"), 42 U.S. § 12101, *et seq.*, are ripe and properly and adequately pled.

**STATEMENT OF FACTS**

On June 24, 2014, Recovery Chapel filed the instant action against the Defendants alleging violations of the FHA, ADA, and invoking the Court's supplemental jurisdiction under Section 89.110, RSMo. This action stems from the denial of Recovery Chapel's application to the City for an occupancy permit for the property located at 1809 E. Crestview ("Crestview") to operate as a residential group home by the City's Building Development Services Director, Chris Straw ("Straw"), on March 14, 2014 ("Initial Determination") (Doc. 4 ¶¶ 30, 36), the denial of Recovery Chapel's requests for reasonable accommodation by the City on or about March 18, 2014 (Doc. 4 ¶ 37) and at the June 20, 2013 hearing before the BOA (Doc. 4 ¶ 40), and the

denial of Recovery Chapel's appeal of both of Straw's determinations to the BOA on or about June 20, 2014 ("Final Determination") (Doc. 4 ¶ 48). Recovery Chapel filed an amended complaint on July 1, 2014 (the "Amended Complaint"). Defendants' filed this Motion on July 30, 2014.

**STANDARD OF REVIEW**

Defendants do not consistently aver the statutory scheme under which Defendants are seeking relief. It appears that Defendants are seeking dismissal of the Complaint under Rule 12(b)(1), 12(b)(6) and 10(b) of the Federal Rule of Civil Procedure ("FRCP"), each of which bears its own distinct standard of review.

    *a. Lack of Subject Matter Jurisdiction*

The purpose of a 12(b)(1) motion is to allow the court to address the threshold question of jurisdiction, as "judicial economy demands that the issue be decided at the outset rather than deferring it until trial." Osborn v. United States, 918 F.2d 724, 729 (8th Cir.1990). "[A] crucial distinction, often overlooked, [exists] between 12(b)(1) motions that attack the complaint on its face and 12(b)(1) motions that attack the existence of subject matter jurisdiction in fact, quite apart from any pleadings." Mortensen v. First Fed. Sav. & Loan Ass'n., 549 F.2d 884, 891 (3d Cir.1977). When a court's subject matter jurisdiction is challenged in a facial attack, however, the Court "restricts itself to the face of the pleadings, and the non-moving party receives the same protections as it would defending against a motion brought under Rule 12(b)(6)." Archdiocese of St. Louis v. Sebelius, 920 F. Supp. 2d 1018, 1023 (E.D. Mo. 2013); Osborn, 918 F.2d at 729.

    *b. Failure to State a Claim*

The purpose of Rule 12(b)(6) is to test the legal sufficiency of a complaint. The factual allegations of a complaint are assumed true and construed in favor of the Plaintiff. Bell Atlantic

2

Corp. v. Twombly, 550 U.S. 544 (2007). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. Scheuer v. Rhodes, 416 U.S. 232,236 (1974). A viable complaint must include enough facts to state a claim to relief that is plausible on its face. Twombly, 550 U.S. at 570. "Factual allegations must be enough to raise a right to relief above the speculative level." Id. at 555. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

In ruling on a motion to dismiss for failure to state a claim upon which relief can be granted, all reasonable inferences from the complaint must be drawn in favor of the plaintiff, Crumpley-Patterson v. Trinity Lutheran Hosp., 388 F.3d 588, 590 (8th Cir. 2004). The complaint should be liberally construed in the light most favorable to the plaintiff. Coleman v. Watt, 40 F.3d 255, 258 (8th Cir. 1994) (citing Fusco v. Xerox Corp., 676 F.2d 332, 334 (8th Cir. 1982).

    c. *Form of Pleadings*

Federal Rule of Civil Procedure 10(b) provides: "Each claim founded upon a separate transaction or occurrence . . . shall be stated in a separate count . . . whenever a separation *facilitates the clear presentation* of the matters set forth" (emphasis added). See *Original Ballet Russe v. Ballet Theatre*, 133 F.2d 187, 189 (2d Cir.1943) ("Under Rule 10(b) a separation of claims into separate counts is mandatory only when necessary to facilitate clear presentation."). Rule 10(b) does not require multiple plaintiffs whose claims arise from the same transaction or occurrence to state allegations and counts separately. See, e.g., Mathes v. Nugent, 411 F. Supp. 968, 972 (N.D.Ill.1976); Clark v. Springfield City Water Co., 14 F.R.D. 504, 504 (W.D.Mo.1953); Trebuhs Realty Co. v. News Syndicate Co., 12 F.R.D.

3

110, 111 (S.D.N.Y.1951). Plaintiffs who base their claims on a common legal theory and set of facts are entitled to consolidate their claims in a single count of the complaint. Bautista v. Los Angeles County, 216 F.3d 837, 844 (9th Cir. 2000).

## ARGUMENT

**I. THIS COURT HAS SUBJECT MATTER JURISDICTION OVER RECOVERY CHAPEL'S CLAIMS.**

Defendants claim that Recovery Chapel's FHA and ADA claims are not ripe because 1) Recovery Chapel filed an appeal to the BOA rather than applying for a variance, requesting rezoning, or requesting a text amendment and 2) Recovery Chapel did not appeal the BOA's Final Determination in state court. Neither of these claims is valid.

Defendants' arguments wholly misapprehend the nature of Recovery Chapel's claims and argue for what amounts to an unwarranted and unprecedented creation of an administrative procedure requirement in cases involving disparate treatment under the FHA and ADA. Recovery Chapel's appeal of the Initial Decision of the Building Director to the BOA gave the Defendants adequate opportunity to respond to the request for accommodation and construe its zoning ordinance in a manner consistent with the plain language of the City's Zoning Ordinance. Furthermore, the Defendants can point to no case law that requires group home plaintiffs to appeal a municipality's final decision in state court, and such a requirement would effectively prohibit any group home case from ever going before a federal district court.

**A. Recovery Chapel's disability-based claims under the FHA and ADA are ripe.**

Both the FHA and the ADA[1] prohibit governmental entities from implementing or enforcing housing policies in a discriminatory manner against persons with disabilities.

---

[1] The courts have acknowledged that there is no substantial difference between the protections provided by the FHA and ADA with regard to fair housing. Tsombanidis 2, 352 F.3d at FN. 4. Therefore, for the purpose of this memorandum, Plaintiffs do not make any distinction between the FHA and ADA.

4

Tsombanidis v. W. Haven Fire Dep't, 352 F.3d 565, 573 (2d Cir. 2003). Under the FHA, it is unlawful to discriminate in the sale or rental, or to otherwise make unavailable or deny, a dwelling to any buyer or renter because of handicap of ... a person residing in or intending to reside in the dwelling. 42 U.S.C. § 3604(f)(1)(B); City of Edmonds v. Oxford House, Inc., 514 U.S. 725, 729, (1995). Similarly, the ADA states "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by any such entity." 42 U.S.C. § 12132; Tsombanidis 2, 352 F.3d at 573.

To establish discrimination under either the FHA or the ADA, plaintiffs have three available theories: (1) intentional discrimination (disparate treatment); (2) disparate impact; and (3) failure to make a reasonable accommodation. Id., *quoting* Reg'l Econ. Cmty. Action Program, Inc. v. City of Middletown, 294 F.3d 35, 45 (2d Cir.), *cert. denied,* 537 U.S. 813, 123 S.Ct. 74, (2002). The FHA gives any person who has been injured by a discriminatory practice or who believes that a person will be injured by an imminent discriminatory housing practice standing to seek its enforcement. 42 U.S.C. § 3602(i); Havens Realty Corp. v. Coleman, 455 U.S. 363, 379 (1982); Sharpvisions, Inc. v. Borough of Plum, 475 F. Supp. 2d 514, 521 (D. Pa. 2007).

The ripeness doctrine is taken from both Article III jurisdictional limits and policy considerations of effective court administration. Sebelius, 920 F. Supp.2d at 1024. In assessing ripeness, courts consider the fitness of the issues for judicial decision and the hardship to the parties of withholding a decision. Sebelius, 920 F. Supp. 2d at 1025; KCCP Trust v. City of N. Kan. City, 432 F.3d 897, 899 (8th Cir. 2005). Given the remedial nature of the FHA, when analyzing the second factor of the ripeness inquiry, "[n]umerous courts have stressed that

5

housing discrimination causes a uniquely immediate injury. Such discrimination…makes these controversies ripe." Groome Res. Ltd., L.L.C. v. Parish of Jefferson, 234 F.3d 192, 200 (5th Cir. 2000), *citing* Assisted Living Assocs. v. Moorestown Township, 996 F. Supp. 409, 427 (D.N.J.1998) (emphasis added); see also Buckeye Community Hope Found. v. City of Cuyahoga Falls, 970 F. Supp. 1289, 1309–10 (D.Ohio.1997) (holding that where the allegedly illegal act was felt in a concrete way by developer and related entities, challenge was ripe). Unlike Just Compensation Clause claims under the Fifth Amendment, "violation of the FHA occurs when the disabled resident is first denied a reasonable accommodation, irrespective of the remedies granted in subsequent proceedings." Bryant Woods Inn, Inc. v. Howard Cty., Maryland, 124 F.3d 597, 601 (4th Cir. 1997)

Throughout their Motion, Defendants repeatedly assert that this case is not ripe because Recovery Chapel failed to exhaust its administrative remedies by not applying for a variance, requesting rezoning, or requesting a text amendment. However, Defendants' argument fails to acknowledge the unique nature of FHA and ADA claims and established legal precedent. Followed to its logical conclusion, Defendants' framework would deprive all plaintiffs from filing FHA and ADA against a municipality in federal court, thereby invalidating the entire body of group home jurisprudence in federal court.

Despite Defendants' assertions to the contrary, there is no general requirement that an aggrieved person resort to state administrative remedies prior to filing a civil rights action. Planned Parenthood of Greater Iowa, Inc. v. Atchison, 126 F.3d 1042 (8th Cir. 1997) (noting that "[g]enerally, plaintiff need not exhaust administrative remedies before seeking federal court relief pursuant to federal civil rights statute") (emphasis added). Additionally, Courts recognize

that housing discrimination results in a "uniquely immediate injury." Assisted Living Assoc., 996 F. Supp. at 427.

"Exhaustion of state remedies is not required to state a federal cause of action under the FHA." Remed Recovery Care Centers v. Twp. of Worcester, 1998 WL 43 7272, * 5 (E.D. Pa. 1998), *citing* Gladstone Realtors v. Village of Bellwood, 441 U.S. 91 (1979). "The FHA permits an 'aggrieved person' to commence a federal civil action whether or not a state complaint has been filed or state remedies have been exhausted." *Id.* The Remed court found that "[t]he controversy would be ripe even if plaintiff had not applied to the Zoning Board for a variance or special exception." Remed, at *6; see also Sinisgallo v. Town of Islip Hous. Auth., 865 F. Supp. 2d 307, 320-21 (D. NY. 2012) (holding "[i]t is well-settled that a plaintiff is not required to exhaust administrative remedies before commencing an FHA, ADA, or Rehabilitation Act claim in federal court."); Advocacy and Res. Ctr. v. Town of Chazy, 62 F. Supp.2d 686, 688 (D.N.Y. 1999) (concluding that "it would seem logical that if an aggrieved party does not need to exhaust HUD remedies before filing a federal action, he or she should not have to exhaust local remedies."); Sharpvisions, 475 F. Supp. 2d at 522 (concluding that requiring additional forms of state exhaustion – such as conditional use approval or variance – would be leave plaintiffs without a remedy "for testing the necessity or validity of submitting to the additional steps of obtaining conditional use approval for those with disabilities").

Here, Recovery Chapel has alleged that it is operating a group home for recovering alcoholics and substance abusers, who are disabled under the FHA and ADA, a fact which the Court must accept as true for the purpose of this Motion (Doc. 4 ¶ 16). See Sebelius, 920 F. Supp. 2d at 1023. The heart of Recovery Chapel's disparate treatment claims against Defendants is that its actual use of Crestview is as a group home, making it unnecessary for Recovery Chapel

7

to apply for a variance, rezoning, and/or text amendment. Defendants' refusal to designate Recovery Chapel as a group home is itself discriminatory. Because Recovery Chapel's use conforms to the literal definition of a group home codified in the Ordinance, absent Defendants' wrongful conduct, Recovery Chapel would be unambiguously entitled to such designation. Recovery Chapel is the victim of disability-based discrimination precisely because Defendants are willfully misapplying the plain language of its Zoning Ordinance to impose an impermissible burden on them.

Even those courts that have required group home plaintiffs to avail themselves of a municipality's administrative process in reasonable accommodation cases have not required them to appeal the municipality's decision in state court. Such a requirement would fly in the face of more than twenty years of federal group home jurisprudence by effectively forestalling any group home case from ever reaching a federal district court through the operation of *res judicata* and abstention doctrines. Instead, in cases like Oxford House-C v. City of St. Louis, 77 F.3d 249 (8th Cir. 1996), courts have required plaintiffs to "give the City a chance to accommodate them through the City's established procedures for adjusting the zoning code" *Id.* at 253. Rather than endorsing an exhaustion requirement, these rulings reflect the basic idea that a municipality cannot be held responsible for denying a reasonable accommodation without first being presented with a request for accommodation.

In the present case, Recovery Chapel did not require an accommodation to house eight people because the plain language of the City's Zoning Ordinance permitted such use as a group home. Even had a reasonable accommodation been necessary, Recovery Chapel followed the Defendants' process for making an accommodation by making an appeal to the BOA. While other cases mention an application for a variance, the City of Springfield's Zoning Code makes

such an application futile in this case. Section 3-3502 of the Zoning Code states that the BOA may only make seven specific authorized variances. None of these specified powers permit the BOA to vary the number of persons permitted to occupy a property.

If the Court accepts Defendants' argument, Recovery Chapel will be without a remedy. Here, as in Chazy, Plaintiffs should not be required to exhaust their local remedies, because to do so would not only be patently unfair, it would serve to further injure Recovery Chapel. See Marbrunak, Inc. v. City of Stow, Ohio, 974 F.2d 43, 48 (6th Cir. 1992) (concluding "if one reads…the ordinance to say that it does not apply to plaintiff at all, then clearly an onerous and discriminatory burden would be placed upon plaintiff by requiring it to seek a variance"). Defendants' rationale leads to the perverse result of allowing municipal corporations to file law suits in federal court against potential FHA plaintiffs for declaratory action, while depriving plaintiffs of the same opportunity, an illogical and untenable result. Cf. Edmonds, 514 U.S. at 725 (City sued Oxford House in federal court, seeking a declaration that the FHA did not constrain the city's zoning code family definition rule).

**B. This Court has original and supplemental jurisdiction over Recovery Chapel's claims and should not abstain from exercising its jurisdiction under the Younger abstention doctrine.**

Related to Defendants' argument that that Recovery Chapel was required to exhaust its administrative remedies is Defendants' argument that Recovery Chapel was required to appeal the Final Determination in Greene County Circuit Court under Section 89.110, RSMo. Defendants assert that, because Recovery Chapel did not appeal the decision of the BOA to State court, this Court should decline to exercise its jurisdiction under the Younger abstention doctrine. (Doc. 13 at 2-3). This Court has original jurisdiction over Recovery Chapel's FHA and ADA claims, and should exercise supplemental jurisdiction over Recovery Chapel's state claim.

Original jurisdiction of the federal courts is governed by 28 U.S.C. § 1331, which mandates that "the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Federal courts also have supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367; Jinks v. Richland County, 538 U.S. 456 (2003); see also Fielder v. Credit Acceptance Corp., 188 F.3d 1031, 1037 (8th Cir. 1999) (defining supplemental jurisdiction as over claims arising from a "common nucleus of operative fact" and stating that there is supplemental jurisdiction over state law claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution"). Therefore, if a plaintiff's claims under state law form part of the same case or controversy as his federal claims, then pursuant to § 1367(a) the Court is obliged to exercise supplemental jurisdiction in the absence of one of the exceptions set forth in § 1367(c). Neighborhood Ent., Inc. v. City of St. Louis, MO., 2008 WL 723741 (E.D. Mo. Mar. 17, 2008).

This Court has original jurisdiction over Recovery Chapel's FHA and ADA claims asserted in this case as they arise out of federal statutes. This Court also has supplemental jurisdiction over Recovery Chapel's state law claim under Section 89.110, RSMo, because Recovery Chapel's FHA, ADA, and state law claims all derive from a common nucleus of operative facts. See 28 U.S.C. § 1367; Fielder, 188 F.3d at 1037.

Abstention is the exception, rather than the rule to jurisdiction in the federal courts. Oxford House-Evergreen v. City of Plainfield, 769 F. Supp. 1329, 1334 (D.N.J. 1991). Abstention is "an *extraordinary and narrow exception* to the duty of a District Court to adjudicate a controversy properly before it. Abdication of the obligation to decide cases can be

justified under this doctrine only in the exceptional circumstances." Colorado River Water Conservation Dist. v. U.S., 424 U.S. 800, 813 (1976) (emphasis added). "The Younger abstention doctrine, as it has evolved, provides that federal courts should abstain from exercising jurisdiction when (1) there is an ongoing state proceeding, (2) which implicates important state interests, and (3) there is an adequate opportunity to raise any relevant federal questions in the state proceeding." Plouffe v. Ligon, 606 F.3d 890, 892 (8th Cir. 2010), *quoting* Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982).[2] Even if these three requirements are met, a federal court should not abstain if there is a showing of "bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." Middlesex, 457 U.S. at 435. When abstention under Younger is merited, "'so long as a possibility of return to federal court remains, a stay rather than a dismissal is the preferred mode of abstention'" if damages are sought in the federal suit. Night Clubs, Inc. v. City of Fort Smith, Ark., 163 F.3d 475, 482 (8th Cir. 1998), *citing* Fuller v. Ulland, 76 F.3d 957, 960-61 (8th Cir. 1996).

In this case, Younger abstention is plainly inapplicable because there is no ongoing state proceeding. The BOA issued a Final Determination (Doc. 4 ¶ 48), and Recovery Chapel filed this action under the FHA and ADA. "[I]t is well-settled that a plaintiff is not required to exhaust administrative remedies before commencing an FHA, ADA, or Rehabilitation Act claim in federal court." Sinisgallo, 865 F. Supp.2d at 320-21. Therefore, once the BOA issued the Final Determination, the proceedings were concluded, and the decision was sufficiently definite under Younger. Even assuming, *arguendo*, that each of the three Middlesex factors are present, given the remedial nature of the FHA, Recovery Chapel argues that their FHA and ADA claims are excepted from the Younger doctrine under the extraordinary circumstances doctrine, because

---
[2] Defendants make no attempt to address any of the Middlesex factors in relation to Recovery Chapel's claims.

11

these proceedings are necessary to prevent great, immediate, and irreparable loss to the residents of Crestview, who may find themselves homeless without the intervention of the Court. See Oxford House-Evergreen, 769. F. Supp. at 1339, *citing* Mitchum v. Foster, 407 U.S. 225, 242.

Defendants entirely rely on inapposite, or wholly irrelevant cases to support their position: Night Clubs, 163 F.3d at 478 (plaintiff filed a complaint in state court that was pending when plaintiff filed a second § 1983 action in federal court); Alleghany Corp. v. Pomeroy, 898 F.2d 1314 (8th Cir. 1990) (constitutional challenge), State ex rel. Presbyterian Church of Wash., MO v. City of Wash, MO., 911 S.W.2d 697 (D. Mo. 1995) (not an abstention case); Northtown Village, Inc. v. City of Oronogo, MO., 2011 WL 2417014 (W.D. Mo. 2011) (unpublished) (constitutional challenge). In contrast, courts faced with applying the Younger doctrine to fair housing cases declined to abstain on the grounds of various exceptions. E.g. Oxford House-Evergreen, 769 F. Supp. at 1338-39 (holding that a third Younger exception was met based on the "irreparable injury that could befall the plaintiffs if this court fails to exercise jurisdiction.").

## II. RECOVERY CHAPEL ADEQUATELY STATES A CLAIM FOR RELIEF.

Defendants, in the second prong of their Motion, request dismissal of Recovery Chapel's reasonable accommodation on the grounds that it has failed to state a cause of action, presumably under F.R.C.P. 12(b)(6). Defendants argue that Recovery Chapel's reasonable accommodation request is merely a zoning dispute.

Under the FHA and ADA it is unlawful for a municipality to "refus[e] to make reasonable accommodation in rules, policies, practices, or services, when such accommodation may be necessary to afford such person equal opportunity to use and enjoy a dwelling." 42 U.S.C. § 3604(f)(3)(B); Chazy, 62 F. Supp. 2d at 689; Oconomowoc Res. Prgm's v. City of Milwaukee, 300 F.3d 775, 783-85 (holding "[w]hen a zoning authority refuses to reasonably

accommodate these small group living facilities, it denies disabled persons an equal opportunity to live in the community of their choice."). Non-abusing, recovering alcoholics and drug addicts are members of a protected class under the FHA and ADA. 42 U.C.S. § 3602(h); 24 C.F.R. § 100.201(a)(2); 42 U.S.C. § 12210(b)(1) and (2); Tsombanidis v. City of W. Haven, 180 F. Supp. 2d 262, 283 (D. Conn. 2001) Tsombanidis v. W. Haven Fire Dep't, 352 F.3d 565 (2d Cir. 2003). In order to prevail in a reasonable accommodation claim under the FHA, Recovery Chapel must prove three elements: (1) refusal, (2) reasonableness, (3) necessity. See Bryant Woods Inn, 124 F.3d at 603. Courts have determined that "under the Fair Housing Act…a violation occurs when the disabled resident is first denied a reasonable accommodation, irrespective of the remedies granted in subsequent proceedings." Id. at 602; Groome, 234 F.3d at 199. Denial of reasonable accommodation can be either actual or constructive, and "an indeterminate delay has the same effect as an outright denial." Id.

As an initial matter, most of Defendants arguments in this section are directed at the merits of the Amended Complaint, rather than the legal sufficiency of the claims made therein. This is inappropriate given the posture of the Motion. The Court must take all plaintiff's factual allegations as true and draw all reasonable inferences in favor of plaintiff. Crumpley-Patterson, 388 F.3d at 590; Coleman v. Watt, 40 F.3d at 258. A motion to dismiss for failure to state a claim is not the proper avenue to challenge the merits of complaint. For that reason, Recovery Chapel will only address the portions of the Motion that appear consistent with the posture of the Motion.

Recovery Chapel has properly pled every element of its cause of action. Recovery Chapel has alleged that it operates supportive housing for recovering alcoholics and drug addicts (Doc. 4 ¶16). Recovery Chapel submitted two formal written request for reasonable accommodation to

13

Defendants (Doc. 4 ¶¶ 37, 40), both which Defendants refused to grant (Doc. 4 ¶¶ 37, 48). The request was necessary for the disabled residents to be able to live in the community of their choice (Doc. 4 ¶¶ 16, 19, 37, 52).

Defendants make much of the fact that some residents of Recovery Chapel may be on probation or parole, and some may be registered sex offenders. Defendants appear to be laboring under the mistaken belief that a person who is a parolee or registered sex offender cannot be *otherwise* be disabled, and thus entitled to protection under the FHA or ADA, including reasonable accommodation. In support of their Motion, Defendants cite the U.S. Department of Justice and U.S Department of Housing & Urban Development (the "Joint Statement") to support the premise that "the benefits of the FHA are not extended to sex offenders" (Doc. 13 at 4). In fact, the Joint Statement actually states that the FHA protections "do not extend to persons who *claim to be disabled solely on the basis* of…being a sex offender."[3] Recovery Chapel does not allege that anyone residing at the premises is disabled *because of* his status as a sex offender; all residents of the property are men with substance abuse disabilities. At best this oversight is a gross error on the part of Defendants, at worse it is evidence of Defendants' continued intent to manipulate and distort the law to further deprive Recovery Chapel of its rights under the FHA.[4]

Recovery Chapel's residents are disabled within in the meaning of the FHA and ADA, due to their status as recovering alcoholics and drug addicts. Recovery Chapel's requests for accommodation explicitly state that it was seeking a reasonable accommodation for persons with substance abuse disabilities persons under the FHA, not for parolees or probationers (Doc. 4 ¶

---

[3] Joint Statement, (August 18, 1999) http://www.justice.gov/crt/about/hce/final8_1.php (last accessed August 28, 2014).
[4] Despite Defendants' assertion that no case has applied the FHA to persons on parole or probation, courts routinely evaluate fair housing claims from persons in the criminal justice system. See, e.g., United States v. S. Mgmt. Corp., 955 F.2d 914, 917-19 (4th Cir. 1992); A Helping Hand, LLC v. Baltimore County, CCB-02-2568 (D. Md. 2005), *citing* MX Group, Inc. v. City of Covington, 293 F.3d 326, 339 (2003) (finding that proof of a disability in a Fair Housing Act case can come from probation/parole officers and jail).

37). Recovery Chapel has made no request related to the criminal status of its residents, and Defendants' blatant disregard of its residents' disability status, and unwarranted focus on the residents' criminal status is, in and of itself, indicative of the City's bias and prejudice against recovering addicts. See Regional Economic Community v. City of Middletown, 294 F.3d 35, 50 (2nd Cir. 2005) (finding that statements by city officials expressing concern that there would be no guarantee "these people would or would not have criminal histories" in debating a group home application supported a prima facie case of discriminatory intent).

III. **RECOVER CHAPEL'S AMENDED COMPLAINT COMPLIES WITH THE FEDERAL PLEADING REQUIREMENTS**

Defendants allege that the Amended Complaint fails to comply with the Rule 10(b) of the FRCP. In particular, Defendants allege that the individual Defendants have separate obligations and duties, and thus the claims should be further delineated.

Defendants' claim is without merit. The Amended Complaint is pleaded in three separate counts: Count I alleges violations of the FHA; Count II alleges violations of the ADA; and Count III alleges violations of state law under Section 89.110, RSMo. As required by Rule 10(b), Recovery Chapel stated its claims "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Each count is brought against both of the named Defendants. Defendants have identical obligations and duties under the law, thus making further delineation within the pleadings unnecessary. See also Valley Hous. LP v. City of Derby, 802 F. Supp. 2d 359, 385 (D. Conn. 2011) (concluding that the city was "liable under the FHA…[for] intentiona[l] discriminatory zoning actions by its zoning board), *citing* Forest City Daly Housing, Inc. v. Town of North Hempstead, 175 F.3d 144, 151 (2d Cir. 1999); West Haven Fire Dept., 352 F.3d at 574. Moreover, the Amended Complaint adequately sets forth "a short and plain

statement of the claim showing that the pleader is entitled to relief" and "a demand for the relief sought," as required by FRCP 8(a).

## CONCLUSION

WHEREFORE, based on the foregoing, Plaintiffs pray this Court deny the Motion to Dismiss and for such other and further relief as this Court deems just and proper.

Respectfully submitted,

THE MONTGOMERY LAW FIRM, LLC,

By: /s/ M. Scott Montgomery
M. Scott Montgomery
Missouri Bar No. 42805
2808 S. Ingram Mill Road
Building A104
Springfield, Missouri 65804
Telephone: (417) 889-4766
Facsimile: (417) 889-4792
E-mail: scott@montgomerylaw.org

*Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 29, 2014, he electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to Counsel of record for Defendants.

/s/ M. Scott Montgomery