IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| RECOVERY CHAPEL, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) Case No. 6:14-CV-03289-DGK |
| v. | ) |
| | ) |
| CITY OF SPRINGFIELD, MISSOURI, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

**PLAINTIFFS' REPLY SUGGESTIONS IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

COME NOW, Plaintiffs Recovery Chapel and Chaplain Farris Robertson (collectively referred to hereinafter as "Plaintiffs" or "Recovery Chapel"), by and through their undersigned counsel, and in support of Plaintiffs' Reply Suggestions in Support of Plaintiffs' Motion for Preliminary Injunction, state as follows:

**I.   Recovery Chapel Is Likely To Prevail on the Merits.**

   *a. While Recovery Chapel was not required to exhaust its administrative remedies due to the nature of its claims, it exhausted its administrative remedies nonetheless.*

Defendants allege that Recovery Chapel failed to exhaust its administrative remedies by filing the instant action rather than applying for a variance, requesting rezoning, or requesting a text amendment, and/or by failing to appeal the decision of the Board of Adjustments' (the "BOA") determination in State court under Section 89.110, RSMo. Defendants substantially repeat the same arguments set forth in their Memorandum of Law in Support of Defendants' Motion to Dismiss Amended Complaint [sic] ("Memo")(Doc. 13), and incorporated their Motion to Dismiss and Memo into their Suggestions in Opposition to Plaintiffs' Motion for Preliminary Injunction.

As set forth fully in Plaintiffs' Suggestions in Opposition to Defendants' Motion to Dismiss Plaintiffs' Amended Complaint ("Memo in Opposition"), Recovery Chapel was not required to exhaust its administrative remedies prior to filing due to the nature of its claims. Defendants' argument fails to acknowledge the unique nature of claims under the Fair Housing Act ("FHA"), 42 U.S.C. § 3601, et. seq., as amended, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12201, et. seq. Courts recognize that housing discrimination results in a "uniquely immediate injury." Assisted Living Assocs. v. Moorestown Township, 996 F. Supp. 409, 427 (D.N.J.1998).

"Exhaustion of state remedies is not required to state a federal cause of action under the FHA." Remed Recovery Care Centers v. Twp. of Worcester, 1998 WL 43 7272, * 5 (E.D. Pa. 1998), citing Gladstone Realtors v. Village of Bellwood, 441 U.S. 91 (1979). "The FHA permits an 'aggrieved person' to commence a federal civil action whether or not a state complaint has been filed or state remedies have been exhausted." Id. The Remed court found that "[t]he controversy would be ripe even if plaintiff had not applied to the Zoning Board for a variance or special exception." Remed, at *6; see also Sinisgallo v. Town of Islip Hous. Auth., 865 F. Supp. 2d 307, 320-21 (D. NY. 2012) (holding "[i]t is well-settled that a plaintiff is not required to exhaust administrative remedies before commencing an FHA, ADA, or Rehabilitation Act claim in federal court.").

Here, Recovery Chapel has alleged that it is operating a group home for recovering alcoholics and substance abusers, who are disabled under the FHA and ADA (Doc. 4 ¶ 16). The heart of Recovery Chapel's disparate treatment claims against Defendants is that its actual use of Crestview is as a group home, making it unnecessary for Recovery Chapel to apply for a variance, rezoning, and/or text amendment. Defendants' refusal to designate Recovery Chapel as

a group home is itself discriminatory. Because Recovery Chapel's use conforms to the literal definition of a group home codified in the Ordinance, absent Defendants' wrongful conduct, Recovery Chapel would be unambiguously entitled to such designation. Recovery Chapel is the victim of disability-based discrimination precisely because Defendants are willfully misapplying the plain language of its zoning ordinance to impose an impermissible burden on them.

Notwithstanding that Recovery Chapel would have been within its rights to proceed directly to federal court, in the present case, Recovery Chapel actually followed the Defendants' process for challenging its designation and granting an accommodation by making an appeal to the BOA. Therefore, once the BOA issued its final determination on June 20, 2014, the proceedings were concluded.

      *b. The residents of Recovery Chapel are disabled within the meaning of the FHA.*

In their opposition to Recovery Chapel's request for injunction, Defendants, for the first time, question whether the residents of Recovery Chapel are disabled within the meaning of the FHA and ADA. Defendants appears to be laboring under the mistaken belief that a person who is a parolee or registered sex offender cannot be *otherwise* be disabled, and thus entitled to protection under the FHA or ADA, including reasonable accommodation.

Recovery Chapel's residents are disabled within in the meaning of the FHA and ADA, due to their status as recovering alcoholics and drug addicts. Defendants make much of the fact that some residents of Recovery Chapel may be on probation or parole, and some may be registered sex offenders. In support of their Memo, Defendants cite the U.S. Department of Justice and U.S Department of Housing & Urban Development (the "Joint Statement") to support the premise that "the benefits of the FHA are not extended to sex offenders" (Doc. 12 at

4). In fact, the Joint Statement actually states that the FHA protections "do not extend to persons who *claim to be disabled solely on the basis* of…being a sex offender."[1]

Recovery Chapel has never alleged that anyone residing at the premises is disabled *because of* his status as a sex offender; all residents of the property are recovering drug or substance abusers. Defendants' blatant disregard for disability status of Recovery Chapel's residents, and unwarranted focus on the residents' criminal status is, in and of itself, indicative of the City's bias and prejudice against recovering addicts. See Regional Economic Community v. City of Middletown, 294 F.3d 35, 50 (2nd Cir. 2005) (finding that statements by city officials expressing concern that there would be no guarantee "these people would or would not have criminal histories" in debating a group home application supported a prima facie case of discriminatory intent).

> c. *Resolution No. 10113's "Administrative Delay" is an impermissible moratorium on group homes in contravention of the FHA and ADA.*

Defendants state, incredulously, that Defendants have not issued a moratorium on group homes, as alleged by Recovery Chapel. Defendants state that they merely put "an 'administrative delay,' not a moratorium, on the processing of application, while the City staff reviewed the provisions of the City's ordinance related to 'congregate residential living arrangements and services for sexual offender registry and community correctional facilities' to determine if revisions were necessary."

An administrative delay is no different than a moratorium. Merriam-Webster defines moratorium as "a legally authorized period of delay in the performance of a legal obligation or the payment of a debt." Merriam-Webster.com. Merriam-Webster, n.d. Web. 29 Aug. 2014.

---

[1] Joint Statement, (August 18, 1999) http://www.justice.gov/crt/about/hce/final8_1.php (last accessed August 28, 2014).

4

http://www.merriam-webster.com/dictionary/moratorium. Here, the City acknowledges that it is under an obligation to process applications submitted to the City, but is exercising its authority to administratively delay the processing of applications (Doc. 14, Ex. A). More disturbing, it appears that the City narrowly tailored Resolution 10113 to specifically target group homes (i.e. congregate residential arrangements), which by their definition serve only the disabled. See also Alliance for the Mentally Ill v. City of Naperville, 923 F. Supp. 1057, 1071 (N.D.Ill.1996) ("It is true that the RBCO provisions of the LSC apply to buildings that provide personal care services, rather than buildings that house handicapped persons. However, this is a distinction without a difference, since individuals who need personal care services are typically handicapped."). It is unlawful for the Defendants to place burdens only on the disabled.

These types of moratoriums (or "administrative delays") targeting group homes for persons for disabilities are plainly illegal under the FHA. In Epicenter of Steubenville v. City of Steubenville, 924 F. Supp. 845, 850 (S.D. Ohio 1996), the court found that an ordinance temporarily delaying approval of Adult Care Facilities required "very little analysis to conclude that the [the city] passed the moratorium to discriminate against the mentally handicapped." The city in that case, like the Defendants, claimed that the ordinance was passed to "buy time to study other legislation." Id. The ordinance also claimed to address "the preservation of public health and safety" of the residents of the home in question and the community and to "control a problem of overconcentration" of persons with disabilities. Id. The court found these reasons to be indefensible as mere pretexts and "irrationally overbroad." Id.

**II.    Balancing of the harms substantially favors Recovery Chapel.**

Additionally, in its Opposition, Defendants concede that they are unable to ascertain any harm to the community if Court were to issue a preliminary injunction. Where Defendants and/or

the community if an injunction issues, substantial harm would be done the residents of 1809 E. Crestview, who face imminent homelessness without injunctive relief. Accordingly, the balance of the harms weighs heavily in favor of Recovery Chapel.

III. **Incorporation of Plaintiffs' Suggestions in Opposition to Defendants' Motion to Dismiss.**

Plaintiffs hereby incorporate by reference their Memo in Opposition (Doc. 21), and assert that Plaintiffs are likely to prevail on the merits of their claim, and, as such, Plaintiffs are entitled to issuance of a preliminary injunction.

## **CONCLUSION**

WHEREFORE, based on the foregoing, Plaintiffs pray this Court grant Plaintiffs' Motion for Preliminary Judgment and for such other and further relief as this Court deems just and proper.

Respectfully submitted,

THE MONTGOMERY LAW FIRM, LLC,

By:   /s/ M. Scott Montgomery
     M. Scott Montgomery
     Missouri Bar No. 42805
     2808 S. Ingram Mill Road
     Building A104
     Springfield, Missouri 65804
     Telephone: (417) 889-4766
     Facsimile: (417) 889-4792
     E-mail: scott@montgomerylaw.org

*Attorney for Plaintiffs*

## **CERTIFICATE OF SERVICE**

  The undersigned hereby certifies that on August 29, 2014, he electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to Counsel of record for Defendants.

                /s/ M. Scott Montgomery